IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH FERGUSON,

    Plaintiff,                        No. CIV S-05-1340 GEB JFM P

    vs.

C. D. BROWN, et al.,

    Defendants.                  FINDINGS & RECOMMENDATIONS

                            /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that his constitutional rights were violated by a risk assessment prepared by defendant Nancy Van Couvering, Ph.D. in advance of a subsequent parole consideration hearing held for plaintiff on January 2, 2005 by the California Board of Prison Terms (BPT).  The risk assessment indicated that plaintiff posed a "moderate risk" of danger to his ex-wife[1] and a "low risk" to the community.  (Ex. B to Complaint, filed July 5, 2005.)  Plaintiff alleges that defendants Slagle and Rhineheart told him that defendant Van Couvering told the she had "received pressure from Sacramento to make the risk assessment moderate," and that there was no evidentiary basis for that assessment.  (Complaint, at 5-6.)

---

[1] Plaintiff's ex-wife was the victim of plaintiff's commitment offense.

1

Plaintiff claims that defendant Van Couvering violated his right to due process by preparation of the report, that defendant Brown violated his right to equal protection by submitting the report to the BPT even though they had modified their procedures so that they were no longer accepting risk assessments, and that all four defendants committed fraud by covering up the pressure from Sacramento to falsely assess plaintiff's risk to his ex-wife as "moderate."

Defendants have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b) on the grounds that plaintiff failed to exhaust administrative remedies prior to suit. On May 24, 2006, plaintiff received the notice required by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. Defendants have the burden of establishing that plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120; see also Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the

1  second level, providing review by the institution's head or a
2  regional parole administrator, and the third level, in which review
   is conducted by a designee of the Director of the Department of
3  Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

4  Brown, at 929-30.

5   In support of their motion to dismiss, defendants present evidence that plaintiff
6  did not submit any grievance to the Director's Level of review arising out of the events
7  complained of.  (Ex. A to Defendants' Motion to Dismiss, Declaration of D. Porter, filed August
8  18, 2006.)  In his opposition to the motion, plaintiff does not dispute that he did not file a
9  grievance at the Director's Level of review.  He contends, however, that there were no
10 administrative remedies available to him and that he is therefore excused from compliance with
11 the exhaustion requirement of 42 U.S.C. § 1997e(a).
12   The court has carefully reviewed all of the exhibits appended to plaintiff's
13 complaint and to his opposition to the instant motion to dismiss.  Those exhibits show the
14 following.  On or about October 4, 2004, plaintiff prepared an inmate appeal on CDC form 602,
15 challenging the life prisoner evaluation prepared by defendant Van Couvering and requesting,
16 inter alia, removal of the risk evaluation from that report. (Ex. D to Complaint, at 3.)  Plaintiff
17 pursued that grievance through the second formal level of review.  (Id. at 3-4.)  Plaintiff sought
18 review at the first formal level of review on October 20, 2004.  (Id. at 3.)  Plaintiff's request for
19 removal of the risk assessment was denied at the first level of review on November 30, 2004, and
20 the decision was returned to plaintiff on December 2, 2004.  (Id. at 4.)  On December 3, 2004,
21 plaintiff submitted his grievance to the second formal level of review.  (Id.)  In a memorandum
22 dated February 18, 2005 and returned to plaintiff on February 24, 2005, plaintiff's request to
23 eliminate the risk assessment was denied at the second formal level of review.  (Id. at 1-2, 4.)
24 The February 18, 2005 memorandum specifically advised plaintiff that he could seek review at
25 /////
26 /////

3

the Director's Level. (Id. at 2.)[2] Plaintiff did not seek review at the Director's Level of review. (Id. at 4.)

While plaintiff was pursuing administrative remedies through the 602 process, he also filed an appeal with the BPT seeking preparation of a new psychiatric evaluation on the ground that his "current psychiatric evaluation is not supportive. (Ex. C to Complaint, at 2.) He submitted that appeal to the BPT on December 14, 2004. (Id.) By letter dated April 18, 2005, plaintiff was advised that his appeal was mooted by a an Administrative Directive effective May 1, 2004 that repealed the BPT Appeals section. (Id. at 1.) The letter advised plaintiff that the issues specified therein "**cannot be appealed** and will no longer be addressed by the Board, regardless of whether the issues are written on a BPT 1040, a CDC 602, or in letter format, and that he could "go directly to the courts per California Department of Corrections, 15 CCR § 3160." (Id.)[3] It is this letter that plaintiff contends demonstrates he pursued all available

---

[2] The memorandum reads in relevant part:

> Based on the information provided, your request that the Risk of Threat Assessment in the BPT report be removed is **denied.** Your request that the letter from Home Free Ministries be placed with your BPT report is **partially granted.** You were instructed to give the letter to your counselor who will forward it to be included in your central file. You are advised that this issue may be submitted for a Director's Level of Review.

(Ex. D to Complaint, at 2 (emphasis in original).)

[3] That section provides:

> a) Inmate access to the courts shall not be obstructed. Staff shall assist illiterate inmates or those physically incapable of preparing forms adopted under rules of the United States courts and the Judicial Council of California for petitions for habeas corpus or modification of custody if such an inmate requests assistance. Staff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit.
>
> b) In addition to any other court costs, filing fees, or procedures, an inmate initiating a state civil action shall pay a three-dollar ($3) filing fee to the Department.

administrative remedies prior to filing this action. (See Plaintiff's Opposition to Defendants' Motion to Dismiss, filed September 8, 2006, at 1 and Ex. A.) For the reasons set forth below, plaintiff's contention is without merit.

Plaintiff pursued administrative challenges to the risk assessment in defendant Van Couvering's report in two separate venues – the California Department of Corrections and Rehabilitation's (CDCR) inmate grievance procedure, and the BPT's appeals process. In the CDCR administrative review process, plaintiff was specifically informed on February 24, 2005 that one more level of administrative review remained available to him. (Ex. D to Complaint, at 2.) The grievance form specifically provided that he had fifteen days from that date to seek review at the third and final level. (Id. at 4.) Plaintiff did not pursue the CDCR grievance to that level of review. (Id.) Plaintiff submitted his BPT appeal on December 14, 2004, and was advised on April 18, 2005 that the BPT appeals section had been repealed. The repeal of the BPT appeals section did not, however, render unavailable to plaintiff the administrative remedies through the CDCR inmate grievance process. Moreover, plaintiff's time to seek third and final level administrative review of his grievance through the CDCR grievance procedure expired on or about March 11, 2005, well before plaintiff was advised that the BPT appeals section had been repealed.[4] Plaintiff made no attempt to seek review of his CDCR administrative grievance at the

---

> (1) Civil actions are defined as any non-criminal actions. For the purposes of this regulation, habeas corpus actions are not considered civil actions.
> (2) The filing fee shall be charged against the inmate's trust account.
>
> (3) If the inmate is without sufficient funds at the time of the charge, the civil action shall be allowed to be transmitted to the courts, and the inmate shall not be charged for any remaining balance of the filing fee.

15 C.C.R. § 3160.

[4] Plaintiff filed this action on July 5, 2005.

final level of administrative review.  That administrative remedy was available to plaintiff, and he was required to exhaust it before commencing this action.  Since he failed to do so, this action must be dismissed.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' August 18, 2006 motion to dismiss be granted and this action be dismissed without prejudice for failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 29, 2007.

UNITED STATES MAGISTRATE JUDGE

12
ferg1340.mtd